UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARY RAYMOND HARVEY,<br><br>Defendant. | Case No. 3:11-cr-00194-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are Defendant Gary Raymond Harvey's Motions to Dismiss (Dkts. 44, 46, 47, and 57). The matter is fully briefed, and the Court finds that oral argument will not assist the decisional process. Based on the pleadings and record before it, the Court will deny the Motions, as more fully expressed below.

## INTRODUCTION

Defendant Gary Raymond Harvey was indicted on August 23, 2011, with ten counts of false claims for refund, in violation of 18 U.S.C. § 287. Defendant was represented for a time by Federal Defender Robert Fischer, who moved to withdraw citing irreconcilable differences. The Court granted the motion and appointed substitute counsel from the CJA panel, John Miller, who currently represents Defendant. At a June 12, 2012 status conference, in which Mr. Miller, the Defendant, and AUSA Cook participated, the Court advised the parties it would allow hybrid representation;

Defendant was permitted to file pre-trial motions on his own behalf, where such motions were against the advice of his counsel. Mr. Harvey has filed four motions to dismiss, which are now fully briefed.

## DISCUSSION

### 1. Motion for CIPA Discovery or to Dismiss

The defendant has requested all CIPA information held by any Federal or State agency. The defendant demands dismissal of the indictment with prejudice for failure to provide such materials in a timely manner. Alternatively, he requests a CIPA hearing with disclosure of all classified records in the possession of any agency of the United States or any state agency.

The Classified Information Procedures Act (CIPA) sets forth procedures for criminal cases in which classified information is at issue, with the goals of protecting classified information while also ensuring defendants a fair trial. The Act established a process for resolving the admissibility of evidence before trial. *See United States v. Klimavicius-Viloria*, 144 F.3d 1249 (9th Cir. 1998).

The Government has indicated that all relevant and material discovery has been provided to Defendant in this case, and the discovery simply contains no CIPA materials. According to the Government, the items requested in Defendant's motion are immaterial. An item is material if it "enable[s] the [defendant] to substantially alter the quantum of proof in his favor." *United States v. Marshall*, 532 F.2d 1279 (9th Cir. 1976). Materiality

is determined on a case-by-case basis. *Basic Inc. v. Levinson*, 485 U.S. 224, 250 (1988); *United States v. Smith*, 155 F.3d 1051, 1066 (9th Cir.1998).

A defendant bears the burden of making a "threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). To this end, "[n]either a general description of the information sought nor conclusory allegations of materiality suffice." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). Based on Defendant's arguments and evidence in the pleadings before it, the Court finds that Defendant has not met his burden here. Thus, Defendant's Motion for CIPA records will be denied; his Motion to Dismiss for failure to provide such records will be denied as well.

## 2. Motion to Dismiss Pursuant to Equitable Estoppel

In his second Motion, Defendant argues that he acted in "good faith" when he committed the offenses charged, and that dismissal is warranted because he offered to repay the money he received as a result of his alleged crimes. However, as noted by the Government, Defendant cites no valid legal basis for dismissal under a theory of equitable estoppel or otherwise.

Defendant's reliance on *Cheek v. United States*, 498 U.S. 192 (1991), is mistaken. In that case, the court found a defendant has the right to argue to the jury, a "good faith" defense when charged with "willfully" violating a law. *Id.* Nothing in *Cheek* supports dismissal of an indictment before trial on the basis of the defendant's good faith. In

addition, *Cheek* has no application here because the Defendant is charged with a "knowing" rather than a "willful" violation of the relevant statute.

Defendant identifies no defect in the Indictment, nor evidence of delay in presenting charges to the grand jury.  Further, Defendant points to no factual basis for allegations of prosecutorial misconduct or any violation of his right to fundamental fairness.  The Court will therefore deny Defendant's Motion to dismiss based upon his claim equitable estoppel.

**3.      Motion to Dismiss for Lack of Authority**

In Defendant's third Motion, he argues that the government lacked authority to indict him because the Internal Revenue Service (IRS) ceased to legally exist on October 1, 2000, when it implemented a new organizational structure.  Defendant cites no support for his conclusion that the legal authority of the IRS has been diminished, let alone "evaporated."  The Secretary of the Treasury was granted full authority to administer and enforce the Internal Revenue Code under 26 U.S.C. §§ 7801, 7803(a); under 26 C.F.R. § 601.101, the Secretary created the IRS to perform those functions.

Defendant also argues that the IRS is not a government agency, but a private corporation.  However, courts addressing the issue have unanimously determined that the IRS is a government agency.  *See Brandow v. United States*, 268 F.2d 559, 563-564 (9th Cir. 1959).

For the foregoing reasons, Defendant's Motion to dismiss for lack of authority will be denied.

**4.      Motion to Dismiss for Lack of Subject Matter Jurisdiction**

In Defendant's final motion, he argues that the Court should dismiss the charges against him because (1) the Government did not file a complaint against him; (2) he was denied participation in the Grand Jury selection; and (3) he did not receive an initial appearance.  Because of these alleged errors, Defendant asserts that his due process rights were violated, and the Court therefore lacks subject matter jurisdiction.

The Court has subject matter jurisdiction because the charges alleged are violations of federal law – 18 U.S.C. § 287.  Because Defendant's violations each carry a possible prison sentence of more than one year, the Government properly used an Indictment under Federal Rule of Criminal Procedure 7, rather than a complaint under Federal Rule of Criminal Procedure 3.

As to Grand Jury procedures, Federal Rule of Criminal Procedure 6 governs. Nothing in that rule entitles Defendant to participate in the Grand Jury selection process.

Title 28 U.S.C. § 1867(a), on which it Defendant seems to rely, states that a defendant "may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provision of this title in selection of the grand or petit jury."  28 U.S.C. § 1867(a).   "Substantial noncompliance" with Grand Jury selection procedures deals with instances in which a defendant alleges that the Grand Jury is not representative of the community. *United States v. Cannady,* 54 F.3d 544 (9th Cir.1995).  There is no indication that this occurred here.

Finally, nothing in the Federal Rules of Criminal Procedure concerning initial appearance (Rule 5) and arraignment hearing (Rule 10), prohibits them from occurring consecutively during one court appearance. Defendant's due process rights were not violated by the Court conducting his initial appearance and arraignment as part of a single proceeding.

For these reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction will also be denied.

## ORDER

**IT IS ORDERED THAT:**

1.      Defendant's Motion for CIPA Discovery or to Dismiss (Dkt. 44) is DENIED.

2.      Defendant's Motion to Dismiss Pursuant to Equitable Estoppel (Dkt. 46) is DENIED.

3.      Defendant's Motion to Dismiss for Lack of Authority (Dkt. 47) is DENIED.

4.      Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 57) is DENIED.

5.      The time between filing of the Motions (Dkts. 44, 46, 47, and 57) and entry of this Order is excludable under 18 U.S.C. § 3161(h)(1)(D).



DATED: August 24, 2012

B. Lynn Winmill
Chief Judge
United States District Court